JESSE WATSON, Appellant, *v.* E. FRANK COE, Respondent.

*Supreme Court, First Department, General Term, May 24, 1889.*

1. *Injunction. Personal service.*—Where an injunction, restraining all creditors from further prosecution against stockholders, is granted, it is not necessary to serve the injunction order personally upon the plaintiffs, but it is sufficient, for the purposes of the motion to postpone the trial of the actions, that the creditors or their attorneys have knowledge of its existence; and the only way in which they could rid themselves of the effect of the injunction in the omnibus suit was to seek its dissolution therein so far as they were concerned.

2. *Same.*—The fact that the motion to set aside the injunction is not decided within twenty days after it was submitted for decision, does not affect the validity of its disposition.

Appeal from an order, staying the proceedings of the plaintiffs.

*W. W. Badger*, for appellant.

*Edward B. Merrill* (*H. D. Hotchkiss* of counsel), for respondent.

VAN BRUNT, P. J.—This is one of several actions against stockholders of the American Opera Company (limited), to recover of the several defendants the amount of the plaintiff's claims against the company.

An action was brought by S. Skiddy Cochran and another on behalf of themselves and all other creditors of the American Opera Company (limited) against the stockholders of said company, to enforce the claims of all the creditors thereof against said stockholders, and in said action an injunction was granted, restraining all the creditors, whether parties to the action or not, until the further order of the court, from commencing a further prosecution or taking any further proceeding against any of the stockholders of said company to recover from said stockholder the amount of his statutory liability as stockholder for any debt of said company. Of the existence of this order the attorney for the appellant was well aware. But it appears that the same was not served upon the plaintiffs personally. These actions coming up for trial, a motion was made to postpone the same in consequence of the existence of this injunction. The matter was referred to the judge holding the special term, and a motion was there made for such stay, which motion was granted, and from the order entered thereon this appeal is taken.

The principal ground which seems to be assigned by the counsel for the appellant is that the order should not have been made, because the injunction order was not served personally upon the plaintiffs. For the purposes of this motion, it does not appear to have been necessary to serve the in-

junction order personally upon the appellants, but that it was sufficient to show that they or their attorneys had knowledge of its existence. Armitage *v.* Hoyle, 2 How. Pr. N. S. 438; Hull *v.* Head, 3 Edw. Ch. 236.

Upon these facts appearing, the court was bound to stay the proceedings on these trials, and the only way in which the plaintiffs could rid themselves of the effect of the injunction in the omnibus suit was to seek its dissolution therein so far as they were concerned.

Neither is the claim that the decision upon the motion to set aside the injunction was not finally rendered within twenty days after it was submitted for decision, any answer to the question as to the validity of the injunction. There is no provision contained in the act which deprives the court of jurisdiction in case such application is not decided within twenty days, and therefore the provision is merely directory, and even if the motion is held beyond that time, it, in no way, affects the validity of its disposition.

It seems to us, therefore, that the plaintiffs cannot, so long as the injunction in question remains in force, compel the trial of these actions, but must get rid of that injunction before they can proceed herein.

The order appealed from must be affirmed, with ten dollars costs and disbursements.

MACOMBER and BARTLETT, JJ., concur.